IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | 1:23CR234 |
| | : | |
| TYJON PHILANDUS SNIPES | : | |

MOTION TO DISMISS INDICTMENT

NOW COMES the Defendant, TYJON PHILANDUS SNIPES, by and through the undersigned counsel, and hereby moves this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, for an order dismissing the Indictment in this action with prejudice. In support of this motion, the Defendant shows unto the court the following:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Defendant is named in an Indictment in the above matter, charging him with the offense of the willful receipt of a firearm while under indictment for a felony offense, with knowledge of that indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D).

This charge arises out of an incident that occurred on October 29, 2022 in Lee County, North Carolina. On this date, the Defendant was stopped by Trooper J.M. Cox for speeding. When Trooper Cox approached the Defendant's

vehicle, he observed a Sig Sauer, Model P320, 9mm caliber pistol in plain view on the dashboard, where the Defendant had placed it.

On February 7, 2022, the Defendant was indicted in Lee County (North Carolina) Superior Court and charged with the felony offense of assault with a deadly weapon with intent to kill inflicting serious injury. As of October 29, 2022, the aforesaid North Carolina felony indictment remained pending.

The Defendant was indicted in the above-captioned matter on June 27, 2023. Said indictment alleges that the Defendant was on notice of the aforementioned Lee County felony indictment, and received the Sig Sauer pistol after he was indicted in Lee County Superior Court.

The Defendant files this Motion to Dismiss Indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure, which provides, in part, that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b). This Court has the authority to dismiss a criminal indictment "where there is an infirmity of law in the prosecution," such as in the case of an unconstitutional statute. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012).

ARGUMENT

The Second Amendment states: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and

bear Arms, shall not be infringed." U.S. Const. amend. II. However, the Second Amendment is not without certain limitations. Title 18, United States Code, Section 922(n) limits the right of a certain persons to possess a firearm, by making it unlawful for a person who is under felony indictment to receive a firearm after being given notice of said indictment. The Defendant contends that this statute is facially unconstitutional as well as unconstitutional as applied to him, in that it infringes upon his Second Amendment right to bear arms.

The Defendant brings this challenge to 18 U.S.C. § 922(g)(n) in light of the Supreme Court's decision in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* radically changed the analysis employed to evaluate the constitutionality of firearms regulations. Prior to *Bruen*, various Courts of Appeals applied an intermediate-scrutiny, or "means-end scrutiny" test, to evaluate the constitutionality of statutes which restricted the possession of firearms. See *United States v. Chester*, 628 F.3d 673, 680, 683 (4th Cir. 2010) (setting forth a two-part approach to reviewing Second Amendment challenges: (1) does the challenged law impose a burden on conduct falling within the scope of the Second Amendment's guarantee; and (2) if yes, is the challenged law reasonably adapted to a substantial governmental interest). See also *United States v. Masciandaro*, 638 F.3d 458, 471 (4th Cir. 2011).

However in *Bruen*, the Supreme Court rejected applying means-end scrutiny to Second Amendment challenges. Instead, the Supreme Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects the conduct." *Bruen*, 142 S. Ct. at 2129-30. Expanding on its decision in *D.C. v. Heller*, the Supreme Court held that in analyzing a Second Amendment challenge to a firearms statute, the Government bears the burden of "justify[ing] its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130.

In determining whether a modern-day firearms statute is rooted in the historical traditions of this country, where the statute does not regulate conduct or a societal concern that existed when the Second Amendment was ratified, the Supreme Court in *Bruen* said that the "determin[ation] whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar'." *Id.* at 2132. The Supreme Court further stated that prior cases pointed to two metrics to use in the inquiry: "*how* and *why* the regulations burden a law-abiding citizen's right to armed self-defense." *Id.*

The analysis set forth in *Bruen* is not unchallenging. The Supreme Court stated:

> [t]o be clear, analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check. On the one hand, courts should not "uphold every modern law that remotely resembles a historical analogue," because doing so "risk[s] endorsing outliers that our ancestors would never have accepted." *Drummond v. Robinson*, 9 F.4th 217, 226 (3rd Cir. 2021). On the other hand, analogical reasoning requires only that the government identify a well-established and representative historical *analogue,* not a historical *twin.* So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster.

*Id.* at 2133. Applying a historical "analogical reasoning" analysis to the New York State statute in question, which required an applicant to demonstrate "proper cause" to justify the issuance of a license to carry firearms in public, the Supreme Court held that the statute violated the Second Amendment. *Id.* at 2157.

Section 922(n) bans the transfer to and/or receipt of a firearm by an individual who is under indictment for a felony offense. Under this statute, a person is deprived of their Second Amendment to bear arms, simply because they received a firearm after being accused of a crime by way of an indictment, of a felony offense. This is true even if the felony indictment is subsequently dismissed, or the individual is later found not guilty of the felony offense.

Moreover, the felony indictment need not be for a violent offense in order to serve as a justification to bar the transfer or receipt of a firearm under Section 922(n). Nor is there any additional requirement that the individual under felony indictment be deemed to be violent or dangerous by a court after notice and meaningful process, in order to be barred from the transfer or receipt of a firearm after felony indictment. Rather, this statute acts as a complete bar to the transfer or receipt of a firearm after indictment for any felony offense, no matter how minor or non-violent, simply because the individual is subject to imprisonment for more than one year.

The current iteration of Section 922(n) was enacted at part of the Firearms Owners' Protection Act of 1986, Pub. L. 99-308, § 110, 100 Stat 449. However, Congress first prohibited persons under felony indictment in *federal* court from acquiring a firearm in 1938 when it enacted the Federal Firearms Act, Pub. L. 75-850, §§ 2(d) and (e), 52 Stat. 1250, 1251. It was not until the Gun Control Act of 1968, Pub. L. 90-618, 82 Stat. 1213, that Congress prohibited persons facing felony indictment in *state* court from acquiring a firearm. The Defendant contends that as Section 922(n) is a relatively newer regulation, there is no historically analogous regulation circa 1791 or thereabout, that is "relevantly similar" to Section 922(n), to justify the prohibition of the transfer to or receipt of a firearm by a person under felony indictment.

Since *Bruen*, there have been numerous challenges to the constitutionality of Section 922(n), as well as the other subsections of Section 922[1]. In *United States v. Quiroz*, a district judge in the United States District Court for the Western District of Texas held that Section 922(n) was unconstitutional. *United States v. Quiroz*, 629 F.Supp. 3d 511 (W.D. Tex. Sept. 19, 2022). The district judge in *Quiroz* did an in-depth analysis[2] of whether there was a historical analogue that was "relevantly similar" to Section 922(n) to justify the regulation. *Id.* at 517-526. The district judge could not find a historical analogue to justify the prohibition of persons under indictment from acquiring firearms, holding that the prohibition of Section 922(n) did not "alig[n] with this Nation's historical tradition." *Id.* at 526-527. Two other district judges have reached the same conclusion and found that Section 922(n)

---

[1] The 4th Circuit Court of Appeals is considering the constitutionality of Section 922(g)(8), post-*Bruen*, in *United States v. Zavien Lenoy Canada*, Case No. 22-4519. Moreover, another Circuit Court of Appeals and various other district courts have rendered various sections of Section 922 unconstitutional since *Bruen*. See *Range v. Att'y Gen. United States of America*, 69 F.4th 96 (3rd Cir. 2023) (holding in a civil "as-applied" challenge that the "felon-in-possession" law of 18 U.S.C. § 922(g)(1) was unconstitutional); *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023) (holding that 18 U.S.C. § 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm, is unconstitutional); *United States v. Price*, 2022 U.S. Dist. LEXIS 186571 (S.D. W.Va Oct. 12, 2022) (holding that 18 U.S.C. §922(k), which prohibits possession of a firearm with an obliterated serial number, is unconstitutional); *United States v. Bullock*, 2023 U.S. Dist. LEXIS 112397 (S.D. Miss. June 28, 2023) (holding that 18 U.S.C. § 922(g)(1), which prohibits a felon from possessing a firearm, is unconstitutional); *United States v. Alston*, 2023 U.S. Dist. LEXIS 128679 (E.D.N.C. Jul. 18, 2023) (holding that 18 U.S.C. § 922(d)(3), which prohibits a habitual drug user from possessing a firearm, is unconstitutional); and *United States v. Connelly*, 2023 U.S. Dist. LEXIS 62495 (W.D. Tex. Apr. 6, 2023) (holding that 18 U.S.C. § 922(d)(3), which prohibits a habitual drug user from possessing a firearm, is unconstitutional).

[2] Counsel will not restate the analysis; rather, counsel will defer to the Quiroz decision for its historical analysis of regulations which disarmed certain groups.

is unconstitutional. See *United States v. Hicks*, 2023 U.S. Dist. LEXIS 35485 (W.D. Tex. Jan. 9, 2023) (holding that 18 U.S.C. § 922(n) is unconstitutional); and *United States v. Stambaugh*, 2022 U.S. Dist. LEXIS 206016 (W.D. Okla. Nov. 14, 2022) (holding that 18 U.S.C. § 922(n) is unconstitutional) .

The Defendant urges the Court to find that Section 922(n) is unconstitutional. The Defendant argues that the Supreme Court's decision in *Bruen* clarified the extraordinary magnitude of an individual's Second Amendment rights and the limited circumstances that this right can be infringed upon. As such, Section 922(n) can no longer withstand constitutional muster in light of *Bruen*.

For the above stated reasons, Mr. Snipes respectfully requests that this Court find that 18 U.S.C. § 922(n) is unconstitutional and dismiss the Indictment in this matter with prejudice.

WHEREFORE the Defendant requests the court to dismiss the Indictment in this action with prejudice.

Respectfully submitted, this the 22nd day of August, 2023.

>LOUIS C. ALLEN, III
>FEDERAL PUBLIC DEFENDER
>
>/s/ Stacey D. Rubain
>STACEY D. RUBAIN
>Assistant Federal Public Defender
>301 N. Elm Street, Suite 410
>Greensboro, NC  27401
>(336) 333-5455
>Email: stacey_rubain@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, the foregoing MOTION TO DISMISS INDICTMENT was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Assistant United States Attorney Laura Dildine at laura.dildine@usdoj.gov.

LOUIS C. ALLEN, III
FEDERAL PUBLIC DEFENDER

/s/ Stacey D. Rubain
STACEY D. RUBAIN
Assistant Federal Public Defender
301 N. Elm Street, Suite 410
Greensboro, NC  27401
(336) 333-5455
Email: stacey_rubain@fd.org